IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **CRIMINAL NO. 4:12CR184 SDJ/KPJ** |
| **MATTHEW RYAN ADKINSON** | § § | |

**AMENDED REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 27, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Andrew Stover.

On April 10, 2013, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of sixty-three (63) months imprisonment followed by a five (5) year term of supervised release for the violation of 18 U.S.C. § 1349, Conspiracy to Commit Bank Fraud.

On June 6, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 74). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not leave the judicial district without the permission of the Court or probation officer; (5) Defendant shall report to the probation

1

officer and shall submit a truthful and complete written report within the first five days of each month; (6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (7) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (8) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (9) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. probation Office, until such time as Defendant is released from the program by the probation officer. *See* Dkt. 74.

The Petition asserts Defendant violated these conditions because: (1) on May 30, 2019, Defendant was arrested by the Lewisville, Texas, Police Department for the offenses of: (a) Unauthorized Use of a Motor Vehicle, a state jail felony, and (b) Fraudulent Use or Possession of Identifying Information, a third degree felony; (2) on August 14, 2018, Defendant submitted a urine specimen that tested positive for marijuana, and Defendant signed a written admission to smoking marijuana; (3) on or about May 9, 2019, Defendant traveled to Amarillo, Texas, without permission of the U.S. Probation Office or Court, where he had contact with Becky Kite, an individual with a felony conviction and currently supervised in the Northern District of Texas; (4) Defendant failed to submit a monthly report, as instructed, during the months of April and May 2019; (5) on or about January 25, 2019, Defendant was fired from his employment as a technician at Southern Comfort Mechanical in Lewisville, Texas, and failed to notify the U.S. Probation Office; (6) on or about March 7, 2019, the U.S. Probation Office was notified by Defendant's mother that he was no longer residing at 1421 Dioreo Drive, Lewisville, Texas; Defendant had failed to notify the U.S. Probation Office of his change in residence and for a time his whereabouts

were unknown; (7) on February 5, 2019, in Coppell, Texas, Defendant was a driver of a vehicle and as associating with convicted felon and drug user Charlee Roslyn Ramsey; Ms. Ramsey was arrested for possessing a syringe of methamphetamine and probation violation; Defendant failed to obtain permission from the U.S. Probation Office to have contact with Ramsey and failed to report his contact with the Coppell Police Department to his probation officer; (8) after Defendant's relationship with Ms. Kite was disclosed (and due to the relationship becoming volatile), Defendant was instructed to avoid all contact with Ms. Kite; however, on or about May 9, 2019, Defendant travelled to Amarillo, Texas and contacted Ms. Kite; (9) on April 12, 2019 Defendant was involved in an auto collision in Bedford, Texas, and left the scene of the accident; Defendant was subsequently contacted by phone by the Bedford Police Department but did not return to the scene of the accident and failed to report his contact with the Bedford Police Department to the U.S. Probation Office; at the time of the accident, Trisa Reece Grunewald, a convicted felon and drug user, was a passenger in the vehicle; Ms. Grunewald was subsequently arrested for Possession of a Controlled Substance; (10) on April 1, 2019, Defendant was unsuccessfully discharged from his drug aftercare group and individual counseling and random drug testing at Addiction Recovery Center in Lewisville, Texas, for failing to attend both counseling and urine collection as instructed; Defendant failed to attend drug aftercare programming for the months of January, February, March, and April 2019.  *See* Dkt. 74.

At the hearing on August 27, 2019, Defendant entered a plea of true to violation of allegations two through nine (2–9).  Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 27, 2019 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, to be served consecutively to any other sentence, with twenty-four (24) months of supervised release to follow. The Court further recommends Defendant be placed in FCI Carswell, if appropriate.

**So ORDERED and SIGNED this 19th day of September, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE