# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-184- |
| | § | SDJ-KPJ |
| MATTHEW RYAN ADKISON (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Matthew Ryan Adkison's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 21, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Stevan Buys.

Defendant was sentenced on April 10, 2013, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Commit Bank Fraud, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. Defendant was subsequently sentenced to 63 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restrictions, gambling restrictions, drug treatment and testing, mental health treatment, $15,160.65 restitution, and a $100 special assessment. On June 7, 2017, Defendant completed his period of imprisonment and began service of the supervision term. On August 26, 2019, this case was reassigned to U.S. District Judge Sean D. Jordan. On October 2, 2019, the term of supervised release was revoked, and Defendant was

sentenced to 18 months imprisonment, followed by 24 months of supervised release. He completed his term of imprisonment on November 20, 2020, and commenced his new term of supervised release.

On March 28, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 92, Sealed]. The Petition asserts that Defendant violated ten (10) conditions of supervision, as follows: (1) The defendant must pay restitution in the amount of $15,160.65, on a monthly basis at a rate of at least 10% of the defendant's gross income; (2) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (4) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer; (5) You must refrain from any unlawful use of a controlled substance; (6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (7) You must not commit another federal, state, or local crime; (8) You must not unlawfully possess a controlled substance; (9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours;

and (10) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer [Dkt. 92 at 1-4, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On February 24, 2021, a payment schedule was executed wherein Defendant agreed to make payments toward the restitution balance of no less than 10% of his gross income ($25 monthly if unemployed) each month beginning on February 28, 2021. Defendant failed to make restitution payments for the months of February, March, and April 2021. As of this writing, the current outstanding restitution balance is $748.69; (2) Defendant failed to submit a random urine specimen at Addiction Recovery Center in Lewisville, Texas on May 12 and 24, 2021; June 29, 2021; and July 1, 2021; (3) Defendant failed to submit a monthly supervision report, as instructed, during the months of December 2021 and January and February 2022. Additionally, Defendant failed to report in person to the U.S. Probation Office on January 6, 2022, as directed; (4) (5) On or about January 6, 2022, Defendant traveled to Amarillo, Texas without permission of the U.S. Probation Office, where he had contact with Becky Kite, an individual with a felony conviction. In an email to his U.S. Probation Officer on January 6, 2022, Defendant admitted to being in Amarillo, TX and acknowledged knowing it was a violation of his supervision. He disclosed in the email that he left the district because he was using drugs and admitted that he would test positive for same should he submit to a urinary analysis; (6) On January 21, 2022, a request for a transfer of supervision and relocation was submitted to the Northern District of Texas to investigate Defendant's proposed residence with Becky Kite in Amarillo, Texas. On February 28, 2022, The Northern District of Texas, Amarillo Division, advised that the transfer of supervision and relocation request would be

denied as Becky Kite informed the investigating U.S. Probation Officer that Defendant hadn't been living with her for the past two weeks and he was currently residing in an extended stay motel. The U.S. Probation Officer investigating the transfer of supervision and relocation request advised that he was never able to get in contact with Defendant. During a telephone conversation with Defendant on March 4, 2021, he was advised that the transfer of supervision and relocation to Amarillo, Texas was denied. He confirmed he was residing at the Extended Suites in Amarillo, Texas and working odd jobs to pay his room and board. He failed to notify the probation officer at least 10 days prior to the change or within 72 hours of becoming aware of the change or expected change. Defendant was instructed to return to the Eastern District of Texas immediately. At the time of this writing, Defendant is still believed to be in the Amarillo, Texas area; (7) (8) (9) On March 7, 2022, Defendant was cited by the Denton Police Department for Possession of Drug Paraphernalia, a Class C misdemeanor. According to the offense report, police officers with the Denton Police Department responded to a call for service at a local motel after it was reported Defendant was unable to pay for his stay and he had deadbolted himself in his room. When officers made contact, Defendant was occupying the room with an adult female, later identified as Rochelle Diaz. During the contact, officers located a small clear plastic bag containing a white crystal-like substance on the kitchenette counter as well as two glass pipes containing what appeared to be methamphetamine. Defendant and his female occupant would not take responsibility for the methamphetamine so a definitive owner could not be determined. Defendant was issued a citation for possession of drug paraphernalia and later authorized officers to retrieve his ID from his wallet which was in his hat on top of the dresser. When officers removed Defendant wallet, there was a small bag containing a green leafy substance consistent with Marijuana inside the hat. No charges were filed for the marijuana or suspected methamphetamine. The items were seized and placed in

evidence for destruction. Defendant failed to report his contact with the Denton Police Department. On March 26, 2022, Defendant was arrested by the Denton County Sheriff's Office for committing the offense of Theft of Property >=$750<$2,500. He remains in custody; and (10) On March 7, 2022, Defendant was occupying a motel room with Rochelle Diaz, a convicted felon. Defendant failed to obtain permission from the U.S. Probation Office to have contact with this person [Dkt. 92 at 1-4, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2, 3, 4, 5, 6, and 10 of the Petition. The Government withdrew allegation 1 without prejudice and further agreed to dismiss allegations 8 and 9 of the Petition. Having considered the Petition and the plea of true to allegations 2, 3, 4, 5, 6, and 10, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 105, 106].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of fourteen (14) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Arkansas, if appropriate.   **SIGNED this 29th day of April, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE